**WO**  LMH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 05-0603-PHX-SMM |
| Plaintiff, | No. CV 05-3080-PHX-SMM (HCE) |
| v. | **ORDER** |
| Antonio Cervantes-Panchis, | |
| Defendant/Movant. | |

Movant, presently confined in the Central Arizona Detention Center in Florence, Arizona, has filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. On September 12, 2005, Movant was sentenced to a term of thirty-nine months for illegal re-entry after deportation, a violation of 8 U.S.C. § 1326. He contends that he did not fully understand his plea agreement because he was sentenced to "too much time." A response to the Motion will be required.

**IT IS THEREFORE ORDERED that:**

(1) The Clerk of Court shall deliver copies of the Motion (Doc. #16), and this Order to the United States Attorney for the District of Arizona.

(2) The United States Attorney for the District of Arizona shall have sixty (60) days from the date of service within which to answer the Motion. The United States Attorney may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative

**TERMPSREF**

defenses, only those portions of the record relevant to those defenses need be attached to the answer.  Failure to set forth an affirmative defense in an answer may constitute a waiver of the defense.  Cf. Nardi v. Stewart, 354 F.3d 1134, 1140-41 (9th Cir. 2004); Morrison v. Mahoney, 399 F.3d 1042 (9th Cir. 2005).  If not limited to affirmative defenses, the answer shall fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2255 Cases.

(3)  Movant may file a reply within thirty (30) days from the date of service of the answer.

(4)  Movant shall serve upon the attorney for the United States a copy of every further pleading or other document submitted for consideration by the Court.  Movant shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to the attorney.  Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the Court may be disregarded by the Court.

(5)  At all times during the pendency of this action, Movant shall immediately advise the Court and the United States Marshal of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date.  The notice shall not include any motions for any other relief.   Movant shall serve a copy of the Notice of Change of Address on the United States Attorney for the District of Arizona.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

(6)  Aside from the two copies of the petition that must be submitted, a clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Petitioner.

(7)  The matter is referred to Magistrate Judge Hector E. Estrada pursuant to Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings and a report and recommendation.

DATED this 7th day of November, 2005.

Stephen M. McNamee
Chief United States District Judge