IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>vs.<br><br>Antonio Cervantes-Panchis,<br><br>   Defendant-Movant. | CR 05-603-PHX -SMM<br>CV 05-3080-PHX-SMM (HCE)<br><br>**REPORT & RECOMMENDATION** |

Pending before the Court is Movant's *pro se* Motion Pursuant to 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody (Doc. No. 16).[1] In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the undersigned Magistrate Judge for a Report and Recommendation. For the following reasons, the Magistrate Judge recommends that the District Court deny the Motion.

**I. FACTUAL & PROCEDURAL BACKGROUND**

On June 20, 2005, the Government filed an Information charging Movant Antonio Cervantes-Panchis with knowingly or intentionally attempting to enter the United States after having been previously denied admission, excluded, deported, and removed and not having

---

[1]All docket numbers refer to the docket for CR 05-603-PHX-SMM.

obtained the express consent of the Secretary of the Department of Homeland Security to reapply for admission in violation of 18 U.S.C. §§ 1326(a), 1326(b)(2) (Count 1); and entry into the United States after having been previously denied admission, excluded, deported, and removed and not having obtained the express consent of the Secretary of the Department of Homeland Security, in violation of 18 U.S.C. §§ 1326(a), 1326(b)(2) (Count 2). On June 20, 2005, pursuant to a written plea agreement, Movant waived indictment and pled guilty to the offense of Re-entry after Deportation in violation of 8 U.S.C. § 1326(a) enhanced by 8 U.S.C. § 1326(b)(2) as charged in Count 2 of the Information. (Plea Agreement (Doc. No. 15)); (Judgment (Doc. No. 14)).  Under the terms of the plea agreement, Movant and the Government agreed that Movant should receive a three-level reduction in base offense level for acceptance of responsibility and an additional four-level downward departure based on savings to the Government.  (Plea Agreement, p. 3) Consequently, in accordance with the terms of the plea agreement, Movant's sentencing guideline range was reduced from 51-125 months to 24-63 months depending on criminal history. (Id.)  At an offense level of 17, the applicable guideline range was 37-46 months. (Government's Response, p. 2) On September 12, 2005, Movant was sentenced to a 39-month term of imprisonment followed by three years of supervised release.  (Judgment)

On October 4, 2005, Movant filed the instant Motion asserting as his only ground for relief that he was sentenced "to too much time." (Motion, p.4)   To support that claim Movant states that he "did no fully understand" the plea agreement. (Id.)  The Government points out that Movant was advised of the terms of the plea agreement and argues that he waived any challenge to the sentence.

## II.     DISCUSSION

The Ninth Circuit applies  "strict standards for waiver of constitutional rights." *United States v. Gonzalez-Flores,* 418 F.3d 1093, 1102 9th Cir. 2005).  It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights.  *United States v. Hamilton,*

391 F.3d 1066, 1071 (9th Cir. 2004). Nonetheless, a waiver generally will be enforced if the agreement, by its terms, expressly waives the right and the waiver is knowingly and voluntarily made. *United States v. Nunez,* 223 F.3d 956, 958 (9th Cir. 2000); *United States v. Pruitt,* 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Vences,* 169 F.3d 611 (9th Cir. 1999). The Government stresses that under the plea agreement, Movant waived his right to bring the instant challenge.

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo,* 398 F.3d 1149, 1153 (9th Cir. 2005). A criminal defendant may waive the statutory right to bring a section 2255 action challenging the length of his sentence. *Pruitt,* 32 F.3d at 433; *cf. United States v. Abarca,* 985 F.2d 1012 1014 (9th Cir. 1993) (declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver or ineffective assistance of counsel).

> As part of his plea agreement, Movant herein made the following waiver:
>
> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment or to the court's entry of judgment against the defendant and imposition of sentence upon the defendant, provided that the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3472 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack.

(Plea Agreement, p. 5)

The plea agreement also contained the parties' stipulation that in the event the defendant's conviction resulted in a level 24 offense, he would receive a total offense level reduction of seven, "which will classify the defendant in offense level seventeen (17), which carries a sentence of between 24 and 63 months, depending on defendant's criminal history." (Id. at p. 3) The terms of the plea agreement also provided that: "[t]he defendant understands

and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing." (Id. at p. 5)

At the change of plea proceeding, Movant stated that he was satisfied with his attorney's representation during the case. (Transcript of change of plea proceeding (Doc. No.21) (hereinafter " Plea Tr.") p. 8) The Court inquired of Movant whether there was "anything you think he [Movant's attorney] should do that he hasn't done, or anything you want him to do that he hasn't done?" (Id.) Movant responded: "Everything is fine." (Id.) Movant indicated that the plea agreement had been read to him in Spanish, he discussed the plea agreement with his attorney, and his attorney answered all of his questions "to his satisfaction" concerning the agreement. (Id. at p.11) Movant understood that the plea agreement reflected all the promises and assurances made to him by the prosecutor or his attorney. (Id. at p. 12) Movant agreed "to everything" in the plea agreement and had no questions about the agreement. (Id. at p. 13) He stated that the plea agreement contained everything to which he had agreed. (Id.) The Court advised Movant that "the plea agreement...provides for three different sentencing ranges, depending upon your criminal history. The maximum guideline range under the plea agreement provides for a sentence of up to 63 months in prison." (Id. at pp. 14-15) Movant was also advised that his precise sentence would depend upon the as yet to be prepared presentence report and that "the Court can, after considering other relevant factors, impose any reasonable sentence authorized by law, even if it is more severe or less severe than called for in the guidelines." (Id. at p. 15) Movant stated that he understood. (Id.) Movant also stated that he understood that if he were sentenced to prison, the Court would also impose a term of supervised release to follow the prison sentence. (Id. at p. 17) Thereafter, Movant waived his rights to a jury trial. (Id. at pp. 17-20)

The Court further informed Movant that under the "plea agreement...you're giving up your right to appeal and you're giving up your right to collaterally attack the judgment and sentence in the case. That means that you cannot in the future attack the validity or the

correctness of the conviction or sentence." (Id. at p. 20) Movant understood and agreed to that term. (Id.) Movant admitted the factual basis for the charge. (Id. at pp. 22-26) At the close of the change of plea proceeding, Movant stated that he understood everything the Court had explained to him and that he had no questions of his attorney. (Id. at p. 32)

At sentencing, the Court stated that "the sentencing guideline range, taking into account acceptance of responsibility...[and a] four-level additional downward departure..." resulted in a level 17 classification with a criminal history of 4, "and that would give a range of 37 to 46 months. So that would be in compliance with the plea agreement." (Transcript of sentencing (Doc. No.23) (hereinafter "Sent. Tr.") pp. 3-4) The Court found that Movant

> has knowingly and voluntarily waived his right to take an appeal or to collaterally attack this matter to have an...attorney appointed to represent him. He gave up those rights in exchange for the plea, which he's entered into, and he's acknowledged that I've complied with the plea agreement, which supports the factual basis for the plea.

(Id. at pp. 6-7)

To support his argument that his sentence is "too much time", Movant states that he "did not fully understand my plea agreement." (Motion, p. 4) Movant's assertion is insufficient to support his request for relief in light of the extensive countervailing weight found in the record. As set forth above, Movant was fully advised through the terms of the plea agreement and at the plea colloquy of the applicable sentencing range and of the waiver of his right to challenge his sentence. Further, his waiver of the right to challenge his sentence was clear, express, and unequivocal. The Court accepted his plea as voluntarily made. (Plea Tr. p. 32; Sent. Tr. p. 3) Consequently, Movant has waived the sentencing issued raised in his section 2255 Motion.

### III.    RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court: (1) deny Movant's Motion Pursuant to 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody (Doc. No. 16); and (2) dismiss cause number CV 05-3080-PHX-SMM (HCE).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed, the parties should use both of the following case numbers: **CR 05-603-PHX-SMM** and **CV 05-3080-PHX-SMM.**

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 4th day of October, 2007.

_____
Héctor C. Estrada
United States Magistrate Judge